IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

      Plaintiff,

v.                                                                          No. 1:24-cv-00274-WJ-KK

JOE BIDEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE REGARDING FILING RESTRICTIONS

      Plaintiff, who is proceeding *pro se*, asserted a claim against Defendant Joe Biden pursuant to "35 U.S.C. § 271 – Infringement of Patent" alleging:

> As pat[e]ntee I shall have remedy by civil action for infringement of my patent, whoever, without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent, therefore, infringes the patent, whoever actively induces infringement of a patent shall be liable as an infringer, the term "whoever" includes any State, any instrumentality of a State, and any officer or employee of a State, or instrumentality of a State acting in his official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions in the same manner and to the same extent as any nongovernmental entity, therefor, the several courts having jurisdiction may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, I am fully prepared to exhaust all of the trust administrative remedies pertaining to the Registered bond of which it is necessary to disregard the nomenclature issue of this identity crisis before the court involving the original legal instrument to set this horrible injustice right by law per terms and conditions of a covenant trust as the secured party that I am, therefor, removal of trustee P.O.T.U.S. is a must with a newly appointed trustee as the court see's proper and just.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, 7-8, Doc. 1, filed March 20, 2024 ("Complaint").

      United States Magistrate Judge Kirtan Khalsa notified Plaintiff that:

> The Complaint fails to state a claim upon which relief can be granted due to the vagueness of the allegations.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  There are no allegations in the Complaint explaining what Defendant did to Plaintiff and when Plaintiff did it.

Order for Amended Complaint 3, Doc. 5, filed March 21, 2024.  Judge Khalsa ordered Plaintiff to file an amended Complaint.

The Amended Complaint asserts a patent infringement claim against Defendant Biden and contains two pages of "Supporting Facts" similar to those in the original Complaint paraphrasing the elements of patent infringement and making the vague allegation that Defendant has violated his duty to protect patent rights.  *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7-8, Doc. 6 filed March 26, 2024 ("Amended Complaint").  Despite Judge Khalsa's notice that a complaint must explain what Defendant did to Plaintiff, Plaintiff has not alleged any facts describing Defendant's actions other than the allegations that Defendant violated his duty to protect patent rights.

The Court dismisses this case for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); Order for Amended Complaint at 5 (granting Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

The Court denies Plaintiff's Motion for Service, Doc. 7, filed March 26, 2024, as moot because the Court is dismissing this case.

**Plaintiff's Abusive Filing History**

This is the fourth action Plaintiff has filed against Defendant Biden in this Court since October 2023.  *See Nissen v. Biden*, No. 1:24-cv-00231-MLG-JFR (filed March 6, 2024); *Nissen*

2

*v. Biden*, No. 1:24-cv-00172-MIS-SCY (filed February 20, 2024); *Nissen v. POTUS*, No. 1:23-cv-00936-JB-JFR (filed October 19, 2023). Each of the three previous cases asserted patent infringement claims based on vague allegations and were dismissed for failure to state a claim.

Plaintiff has repeatedly failed to comply with Court orders and failed to state a claim. *See Nissen v. Nilius*, No. 1:21-cv-557-JB-CG (dismissed for failure to comply with Court orders, statutes, and rules, and for failure to prosecute); *Nissen v. Nilius*, No. 1:21-cv-556-WJ-SMV (dismissed for failure to comply with Court order); *Nissen v. Garland*, No. 1:21-cv-547-MV-JHR (dismissed for failure to prosecute and failure to comply with Court orders); *Nissen v. Nilius*, No. 1:21-cv-546-WJ-SMV (dismissed for failure to prosecute); *Nissen v. Garland*, No. 1:21-cv-524-MV-KBM (dismissed for failure to prosecute); *Nissen v. Karlovich*, No. 1:20-cv-240-KWR-SCY (dismissed for failure to comply with Court order); *Nissen v. Rosa*, No. 1:20-cv-238-MV-JHR (dismissed for failure to comply with Court order); *Nissen v. Nissen*, No. 1:20-cv-218-MV-GBW (dismissed for failure to comply with Court order); *Nissen v. Rosa*, No. 1:20-cv-216-KWR-KBM (dismissed for failure to comply with Court order); *Nissen v. Browning*, No. 1:20-cv-151-PJK (dismissed as frivolous and for failure to state a claim); *Nissen v. Judd*, No. 1:19-cv-827-WJ-GJF (dismissed for failure to comply with Court orders and failure to prosecute);

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent

3

> power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i)   Plaintiff's Motion for Service, Doc. 7, filed March 26, 2024, is **DENIED.**

(ii)  This case is **DISMISSED without prejudice.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**