## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

      Plaintiff,

v.                                      No. 1:24-cv-00274-WJ-KK

JOE BIDEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## IMPOSING FILING RESTRICTIONS,
## DENYING MOTION FOR RECONSIDERATION AND
## DENYING MOTION FOR DEFAULT JUDGMENT

Plaintiff, who is proceeding *pro se*, asserted a claim against Defendant Joe Biden pursuant

to "35 U.S.C. § 271 – Infringement of Patent" alleging:

> As pat[e]ntee I shall have remedy by civil action for infringement of my patent,
> whoever, without authority makes, uses, offers to sell, or sells any patented
> invention, within the United States or imports into the United States any patented
> invention during the term of the patent, therefore, infringes the patent, whoever
> actively induces infringement of a patent shall be liable as an infringer, the term
> "whoever" includes any State, any instrumentality of a State, and any officer or
> employee of a State, or instrumentality of a State acting in his official capacity.
> Any State, and any such instrumentality, officer, or employee, shall be subject to
> the provisions in the same manner and to the same extent as any nongovernmental
> entity, therefor, the several courts having jurisdiction may grant injunctions in
> accordance with the principles of equity to prevent the violation of any right secured
> by patent, I am fully prepared to exhaust all of the trust administrative remedies
> pertaining to the Registered bond of which it is necessary to disregard the
> nomenclature issue of this identity crisis before the court involving the original
> legal instrument to set this horrible injustice right by law per terms and conditions
> of a covenant trust as the secured party that I am, therefor, removal of trustee
> P.O.T.U.S. is a must with a newly appointed trustee as the court see's proper and
> just.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, 7-8, Doc. 1, filed March 20, 2024

("Complaint").

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that the Complaint fails to state a claim upon which relief can be granted due to the vagueness of the allegations and ordered Plaintiff to file an amended complaint.  *See* Order for Amended Complaint, Doc. 5, filed March 21, 2024.

The Amended Complaint asserted a patent infringement claim against Defendant Biden and contained two pages of "Supporting Facts" similar to those in the original Complaint paraphrasing the elements of patent infringement and making the vague allegation that Defendant violated his duty to protect patent rights.  *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7-8, Doc. 6 filed March 26, 2024 ("Amended Complaint").  Despite Judge Khalsa's notice that a complaint must explain what Defendant did to Plaintiff, Plaintiff has not alleged any facts describing Defendant's actions other than the allegations that Defendant violated his duty to protect patent rights.

The Court dismissed this case for failure to state a claim and entered its Rule 58 Judgment. *See* Dismissal Order and Order to Show Cause, Doc. 8-9, filed April 1, 2024.  The Court also discussed Plaintiff's filing history in this Court:

> This is the fourth action Plaintiff has filed against Defendant Biden in this Court since October 2023.  *See Nissen v. Biden*, No. 1:24-cv-00231-MLG-JFR (filed March 6, 2024); *Nissen v. Biden*, No. 1:24-cv-00172-MIS-SCY (filed February 20, 2024); *Nissen v. POTUS*, No. 1:23-cv-00936-JB-JFR (filed October 19, 2023). Each of the three previous cases asserted patent infringement claims based on vague allegations and were dismissed for failure to state a claim.
>
> Plaintiff has repeatedly failed to comply with Court orders and failed to state a claim.  *See Nissen v. Nilius*, No. 1:21-cv-557-JB-CG (dismissed for failure to comply with Court orders, statutes, and rules, and for failure to prosecute); *Nissen v. Nilius*, No. 1:21-cv-556-WJ-SMV (dismissed for failure to comply with Court order); *Nissen v. Garland*, No. 1:21-cv-547-MV-JHR (dismissed for failure to prosecute and failure to comply with Court orders); *Nissen v. Nilius*, No. 1:21-cv-546-WJ-SMV (dismissed for failure to prosecute); *Nissen v. Garland*, No. 1:21-cv-524-MV-KBM (dismissed for failure to prosecute); *Nissen v. Karlovich*, No. 1:20-cv-240-KWR-SCY (dismissed for failure to comply with Court order); *Nissen v.*

*Rosa*, No. 1:20-cv-238-MV-JHR (dismissed for failure to comply with Court order); *Nissen v. Nissen*, No. 1:20-cv-218-MV-GBW (dismissed for failure to comply with Court order); *Nissen v. Rosa*, No. 1:20-cv-216-KWR-KBM (dismissed for failure to comply with Court order); *Nissen v. Browning*, No. 1:20-cv-151-PJK (dismissed as frivolous and for failure to state a claim); *Nissen v. Judd*, No. 1:19-cv-827-WJ-GJF (dismissed for failure to comply with Court orders and failure to prosecute);

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings.

Dismissal Order and Order to Show Cause at 2-3.

After describing the Court's power to impose filing restrictions, the Court notified Plaintiff that it proposes to impose filing restrictions on Plaintiff, described the proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. Plaintiff did not show cause why the Court should not impose filing restrictions by the April 15, 2024, deadline.  Plaintiff filed a Motion for Reconsideration on April 8, 2024, which the Court discusses below, but that Motion does not address the proposed filing restrictions.  *See* Doc. 10.

**Order Imposing Filing Restrictions**

Plaintiff is enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk is directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff is also enjoined from initiating future litigation in this Court and the Clerk is directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to

proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).  To obtain

permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a

notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that

Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the

basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that,

to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that

they are warranted by existing law or a good faith argument for the extension, modification, or

reversal of existing law; that the new suit is not initiated for any improper purpose such as delay

or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil

Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims

have previously been raised or Plaintiff has previously sued the defendants, the affidavit must

certify that the proposed new suit does not present the same claims that this or any other court has

decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the

proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a

Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new

civil case.  *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631

MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit,

of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate

Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order

indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure

and the District of New Mexico's Local Rules of Civil Procedure.  If the Magistrate Judge does

not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to

assign a District Judge to the new case.

**Motion for Reconsideration**

Plaintiff filed a Rebuttal Affidavit which the Court construes as a Motion for

Reconsideration because Plaintiff states he seeks:

> to address the United States District Court for New Mexico in this rebuttal affidavit
> to show cause supporting in fact the egregious actions of the Court to not permit I
> the aggrieved party to be heard before a court regarding prior and superior title, as
> executor [per title 18 of the U.D.C.] of the estate/trust, the registered bond is the
> legal heart and creature, fictional, juristic person that has been attached to my
> personal property without my written or expressed consent and forced upon my
> freewill by duress to gain control and jurisdiction over my patented personal
> property, an invention that belongs to my Creator of which the United Sates clearly
> is not a Creator of, I the executor/beneficiary am being denied substantive due
> process to quash this breach of trust through equity of an injunction by Fed. R. Civ.
> P. 65,  . . . I will now address Doc. 8 [Dismissal Order and Order Imposing Filing
> Restrictions].

Doc. 10 at 1-2, filed April 8, 2024 ("Motion for Reconsideration").  Plaintiff states the Court's

Dismissal Order and Order Imposing Filing Restrictions:

> is simply paraphrasing previous dismissals really doesn't address the matter at hand
> before this Court, the MOO report subverts the real question of justice and redirects
> the attention of all parties to what is moot by the Court
> . . . .
> I order this Court  to adhere to its agreement of a perfected trust with the great seal
> of the Crown and its promise that you miscreants must adhere to, stop immediately
> with the kangaroo court antics and do whats proper and just for the beneficiary of
> the estate/trust for the fiduciary trustee's you are by law and adhere to your master,
> monarch, ruler, king, Pope's wishes per letters patent as the recognized sovereign I
> am
> . . . .
> I call on the United States Government to correct this injustice immediately, issue
> a preliminary injunction leading to a preliminary hearing to discuss the violation of
> once was a quiet title until the United States Government forced me to accept their
> arbitrary abuse of power.

[sic] Motion for Reconsideration at 6-9.

Plaintiff's Motion for Reconsideration is a Rule 59(e) motion because Plaintiff filed the Motion within the 28-day period after entry of judgment specified in Rule 59(e) and questions the correctness of the Court's Order of Dismissal.

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence that was not previously available.

The Court denies Plaintiff's Motion for Reconsideration.  Plaintiff has not shown that the Court clearly erred in dismissing this case due to Plaintiff's failure to state a claim upon which relief can be granted.  Much of the Motion for Reconsideration is comprised of vague and conclusory allegations, similar to those in the Amended Complaint, regarding breaches of fiduciary and other duties, denial of due process and equal protection, and patent infringement. Plaintiff's conclusory contentions that the dismissal of this case was "egregious," "subverts the real question of justice" and is not "proper and just" are not sufficient to show the Court erred in dismissing this case.  Plaintiff has not supported those contentions by explaining how the Court erred and citing legal authority in support of those contentions.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced").  Plaintiff has also not shown that dismissal of this case will result in manifest injustice.  The Court dismissed this case without prejudice.  Plaintiff may, subject to the filing restrictions, file a complaint in a new case.

**Motion for Default Judgment**

Plaintiff filed a Motion to Compel the Court for Default Judgement which states in its

entirety:

> Comes Now, Michael James Nissen, before the United States District Court
> for the District of New Mexico in this Motion to Compel the Court for Default
> Judgement per Fed. R. Civ. P. 55(b).
>
> Once the Court gains jurisdiction to correct the Deprivation of Life, Liberty
> and Property due to Arbitrary Abuse of Power per Moral Turpitude
> Aforethought for Breach of a Covenant Trust, Boni judicis est judicium sine
> dilations mandare executioni, and restore the Agreement of the Freehold
> Estate in Fee Simple in its entirety as the Fiduciaries this Court has now
> become by Rule of Law.
>
> In closing, Nunc Pro Tunc, Novum judicium non dat novum jus sed declarat
> antiquam; quia judicium est juris dictum, et per judicium jus est noviter
> revelatum quod din fuit velatum.
>
> It was business doing pleasure [sic] with the United States Inc.
>
> Signed, Sealed and Delivered.
>
> I Rest my Case . . .

Doc. 11 at 1-3, filed May 7, 2024 (ellipses in original).

The Court denies Plaintiff's Motion for default judgment because: (i) the Court has

dismissed this case and entered its Rule 58 Judgment; (ii) the Court has denied Plaintiff's Motion

for Reconsideration; and (iii) Plaintiff does not cite legal authority in support of his Motion for

default judgment.  *See* D.N.M.LR-Civ. 7.3 ("A motion . . . must cite authority in support of the

legal positions advanced").

**IT IS ORDERED** that:

(i)      The filing restrictions described above are **IMPOSED.**

(ii)     Plaintiff's Motion for Reconsideration, Doc. 10, filed April 8, 2024, is **DENIED.**

(iii)   Plaintiff's Motion to Compel the Court for Default Judgement, Doc. 11, filed

May 7, 2024, is **DENIED.**

_/s/_____

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**